**WO**  BL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rudy Mendoza, | ) No. CV 05-3673-PHX-JAT (JRI) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Joseph Arpiao, | ) |
| Defendant. | ) |

Plaintiff Rudy Mendoza, currently confined in the Maricopa County Durango Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] This action is one of more than one thousand lawsuits filed in this district since September 2004 alleging that the overcrowded conditions in the Maricopa County jail system have resulted in a variety of constitutional violations. The Court will order Defendant Arpaio to answer the Complaint.

**A.    Application to Proceed *In Forma Pauperis* & Filing Fee**

Plaintiff's request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $250.00 for this action. No initial partial filing fee will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect

---

[1] Many inmates apparently believe that they will receive an immediate payout from a fund established in Hart v. Hill, No. CV 77-0479-PHX-EHC (MS) (D. Ariz.). No such fund exists. The inmates in Hart asked for injunctive relief and not monetary damages. The Court at this time expresses no opinion on whether Plaintiff's lawsuit may result in an award of damages.

**TERMPSREF**

1  monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust
2  account. These payments will be forwarded by the appropriate agency to the Clerk of Court
3  each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full.
4  28 U.S.C. § 1915(b)(2).

5  Plaintiff should take notice that if he is released before the filing fee is paid in full, he
6  must pay the remaining unpaid amount of the filing fee within 120 days of the date of his
7  release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of
8  his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why
9  he is unable to pay the remainder of the filing fee.

10 **B.  Statutory Screening of Prisoner Complaints**

11 The Court is required to screen complaints brought by prisoners seeking relief against
12 a governmental entity or officer or employee of a governmental entity. 28 U.S.C.
13 § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
14 claims that are legally "frivolous or malicious," that fail to state a claim upon which relief
15 may be granted, or that seek monetary relief from a defendant who is immune from such
16 relief. 28 U.S.C. § 1915A(b)(1),(2). The Court also must dismiss a complaint or portion
17 thereof if Plaintiff fails to exhaust any administrative remedy available to him. 42 U.S.C.
18 § 1997e(a).

19 **C.  Complaint**

20 Plaintiff names as a Defendant Joseph Arpaio, Sheriff of Maricopa County, alleging
21 that he is responsible for hiring, training, and policies. Plaintiff argues that his constitutional
22 rights were violated by (1) unsanitary conditions in the bathrooms due to non-working toilets
23 which would leak and overflow, resulting in illnesses, fungus, and staph infections, (2) denial
24 of outside recreational opportunities, and (3) an inadequate, non-nutritious, and tainted diet
25 due to insufficient food and improper food storage, resulting in indigestion, headaches, and
26 stomach problems. Plaintiff seeks monetary and other relief.

27
28

TERMPSREF

- 2 -

1  *Hart v. Hill*

2       Throughout his Complaint, Plaintiff refers to <u>Hart v. Hill</u>, No. CIV 77-0479-PHX-
3 EHC (D. Ariz.), claiming that the conditions of his confinement violated an Amended
4 Judgment in that action. Jurisdiction to enforce the judgment is retained by the court which
5 entered it. <u>Jeff D. v. Kempthorne</u>, 365 F.3d 844, 853 (9th Cir. 2004). A civil rights action
6 is not the proper means by which to enforce the decree. <u>Cagle v. Sutherland</u>, 334 F.3d 980,
7 986 (11th Cir. 2003); <u>Klein v. Zavaras</u>, 80 F.3d 432, 435 (10th Cir. 1996); <u>DeGidio v. Pung</u>,
8 920 F.2d 525, 534 (8th Cir.1990); <u>Green v. McKaskle</u>, 788 F.2d 1116, 1122-23 (5th Cir.
9 1986). Standing alone, remedial orders cannot serve as a substantive basis for a § 1983 claim
10 for damages because such orders do not create "rights, privileges, or immunities secured by
11 the Constitution and laws." <u>Green</u>, 788 F.3d at 1123-24. Remedial decrees are the means
12 by which unconstitutional conditions are corrected but they do not create or enlarge
13 constitutional rights. <u>Id.</u> at 1123. To the extent Plaintiff seeks to enforce <u>Hart v. Hill</u>, his
14 claim is not properly brought in this action.

15 **D.     Claims to be Served**

16       At this early stage, Plaintiff sufficiently alleges that his constitutional rights were
17 violated by (1) unsanitary conditions, (2) denial of outside recreational activities, and (3) an
18 inadequate, non-nutritious, and tainted diet. Defendant Arpaio will be ordered to answer the
19 Complaint.

20 **E.     Rule 41 Cautionary Notice**

21       Plaintiff should take notice that if he fails to timely comply with every provision of
22 this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule
23 41(b) of the Federal Rules of Civil Procedure. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-
24 61 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of
25 the Court).

26 **IT IS THEREFORE ORDERED that:**

27       (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #1) is granted.

28

(2) Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. Plaintiff is assessed no initial partial filing fee. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith.

(3) The Clerk of Court shall send Plaintiff a service packet including the Complaint, this Order, and both summons and request for waiver forms for Defendant Arpaio.

(4) Plaintiff shall complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(5) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on each Defendant within 120 days of the filing of the complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i).

(6) The United States Marshal shall retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(7) The United States Marshal shall notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant shall include a copy of this Order. The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. If a waiver of service of summons is not returned by a Defendant within thirty days from the date the request for waiver was sent by the Marshal, the Marshal shall:

    (a) Personally serve copies of the Summons, Complaint, and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

    (b) Within 10 days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the

Defendant. The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(8) **A Defendant who agrees to waive service of the Summons and Complaint shall return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(9) Defendant shall answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(10) Any answer or responsive pleading shall state the Defendant by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the Defendant by name on whose behalf it is filed.

(11) Plaintiff shall serve upon Defendant, or if appearance has been entered by counsel, upon counsel, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original document and copy, to be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of the pleading or document was mailed to Defendant or counsel. Any paper received by a District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court may be disregarded by the Court.

(12) At all times during the pendency of this action, Plaintiff shall immediately advise the Court and the United States Marshal of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date. Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not include any motions for any other relief. Failure to file a Notice of Change of Address may result in the

1 dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules
2 of Civil Procedure.
3     (13) A clear, legible copy of every pleading or other document filed shall accompany
4 each original pleading or other document filed with the Clerk for use by the District Judge
5 or Magistrate Judge to whom the case is assigned. Failure to comply with this requirement
6 may result in the pleading or document being stricken without further notice to Plaintiff.
7     (14) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Local Rules
8 of Civil Procedure 72.1 and 72.2 for further proceedings.
9     DATED this 23rd day of November, 2005.

_____
James A. Teilborg
United States District Judge